Matter of Luc v O'Neill (2020 NY Slip Op 07458)





Matter of Luc v O'Neill


2020 NY Slip Op 07458


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 100754/18 Appeal No. 12588 Case No. Case No. 2019-04738 

[*1]In the Matter of Marcelo J. Luc, Petitioner-Respondent,
v
James P. O'Neill etc., et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for appellants.
Goldberg & McEnaney, LLC, Port Washington (Jeffrey L. Goldberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 29, 2019, granting the petition brought pursuant to CPLR article 78 to annul respondents' determination, dated February 14, 2018, which denied petitioner accidental disability benefits, and directing that he be granted retirement with accidental disability benefits, unanimously affirmed, without costs.
Petitioner, a police officer for more than 20 years, sought accidental disability retirement (ADR) benefits based on a heart condition. Respondent Medical Board concluded that he was disabled as a result of various heart ailments but recommended ordinary disability retirement (ODR) benefits because there was no evidence that petitioner had hypertension or any other stress-related heart problems.
The court properly granted the petition based on the presumption of causation in General Municipal Law § 207-k. Although there was some evidence that petitioner was diagnosed with "essential hypertension" prior to his retirement, most of the evidence related to hypertension post-dated his retirement. However, the Medical Board did not express an opinion as to whether petitioner's other heart ailments, including the need for a dual chamber pacemaker were causally related to stress or other occupational factors. Respondents cannot deny ADR benefits in a case governed by General Municipal Law § 207-k by relying solely on the absence of evidence tying the disability to work-related stress (see Matter of Bitchatchi v Board of Trustees of N.Y. City Police Dept. Pension Fund, Art. II, 20 NY3d 268, 282-283 [2012]). Here, the Medical Board failed to address petitioner's numerous heart problems and focused only on the absence of hypertension.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020